# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02018-DME-NYW

STEVIE BROWN,

    Plaintiff,

v.

STATE OF COLORADO, and
KRISTIE STANSELL,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This civil action is before the court on Plaintiff Stevie Brown's "FTA Response Showing Good Cause and Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(2)(b)(1)" ("Motion for TRO"). [#64, filed August 16, 2017]. The Motion was referred to this Magistrate Judge pursuant to the Order Referring Case dated September 21, 2016 [#11] and the memorandum dated August 17, 2017 [#65]. This court has reviewed the Motion for TRO and the Response thereto, the applicable case law, and the entire case file, and, for the following reasons, recommends that the court DENY the Motion for TRO.

### PROCEDURAL AND FACTUAL BACKGROUND

Mr. Brown is an inmate within the custody of the Colorado Department of Corrections ("CDOC"), and is currently incarcerated at the Crowley County Correctional Facility ("CCCF"). Mr. Brown alleges that he was sentenced to CDOC for a term of two years to life pursuant to Colorado's Sex Offenders Lifetime Supervision Act of 1998. [#6 at 1]. Plaintiff initiated this

action on August 9, 2016, by filing *pro se* a prisoner Complaint. *See* [#1]. At that time, Plaintiff was incarcerated at Fremont Correctional Facility. *Id.* The court granted Mr. Brown leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, and, pursuant to a review of his claims under that statute, ordered Plaintiff to file an Amended Complaint. *See* [#4, #5]. On September 7, 2016, Mr. Brown filed an Amended Complaint asserting claims for the violation of his rights under Title II of the ADA and the Rehabilitation Act and the First Amendment, based on allegations that certain CDOC employees failed to accommodate his diagnosis of Bipolar I, improperly suspended and then terminated him from the Sex Offender Treatment and Monitoring Program ("SOTMP"), and retaliated against him in response to his filing grievances. *See generally* [#6]. In particular, Plaintiff alleges that he informed Defendant Stansell, his SOTMP therapist, that he was diagnosed with Bipolar I, and requested "specialized services," as available under Admin. Reg. 700-19 IV.G.3, for inmates participating in SOTMP who suffer from chronic mental illness. [#6 at 2]. He alleges that Defendants refused to accommodate his disability by providing these "specialized services," Defendant Stansell took "action against the plaintiff in regards to his disability," and that Defendants ultimately terminated him from SOTMP in retaliation for his attempts to informally resolve the problem through the filing of grievances. [#6 at 3-4, 6].

By Order dated September 13, 2016, the court dismissed Plaintiff's pleading in part and assigned the remaining claims to the Honorable David M. Ebel, the presiding judge, who referred the matter to the undersigned Magistrate Judge for pre-trial management. *See* [#7]. The following claims and demands for relief remained pending: "(i) the ADA claim asserted against Defendant State of Colorado and Defendant Stansell in her official capacity; (ii) the First

Amendment claim for damages against Defendant Stansell in her individual capacity; and (iii) any claim for prospective injunctive relief against Defendant Stansell in her official capacity." [#7 at 5]. Following a Status Conference held November 17, 2016, [#16], Plaintiff filed a Second Amended Complaint [#18]. Defendants the State of Colorado and Kristie Stansell (collectively, "Defendants") filed an Answer on December 7, 2016 [#19]. Plaintiff was relocated to CCCF the same day. *See* [#20].

On June 8, 2017, Plaintiff filed a Motion to Amend, seeking to proceed on his theory of retaliation under the First Amendment, as opposed to the ADA. [#41]. Defendants did not object, and this court issued a Recommendation on July 26, 2017 that the court grant the motion and accept the Third Amended Complaint for filing. *See* [#53]. Judge Ebel adopted the Recommendation on August 15, 2017. *See* [#63].[1]

On August 4, 2017, the undersigned held a second Status Conference to address extending certain pre-trial dates and deadlines in this case. *See* [#55, #56]. Plaintiff failed to attend the Status Conference, and he alleges that various officials at CCCF, where he remained housed, prevented him from attending. *See* [#58]. On August 16, 2017, Plaintiff filed the pending Motion for TRO, asking the court to "prevent[] those in authority within Crowley County Correctional Facility from interfering with his constitutional right to access the courts."

---

[1] On July 21, 2017, Plaintiff filed a Motion for Partial Summary Judgment with respect to his first two claims for violation of the ADA and Rehabilitation Act. *See* [#50]. The Motion was referred to the undersigned on July 24, 2017. [#51]. Defendants filed an Answer with respect to these claims, *see* [#19], and these claims are not affected by the Third Amended Complaint. Defendants filed a Response to the Motion for Partial Summary Judgment on September 5, 2017. [#73].

[#64]. On August 23, 2017, Plaintiff filed a Supplement to the Motion for TRO. [#67]. On September 6, 2017, Defendants filed a Response.[2] [#74].

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951 (3d ed.) Because Defendants have notice of the Motion for TRO, and, indeed, filed a Response, the court treats the Motion for TRO as a motion for preliminary injunction.

A preliminary injunction is considered an extraordinary remedy. *See, e.g., Winter v. Nat'l Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Thus, the right to such relief must be "clear and unequivocal." *Petrella v. Brownback*, 787 F.3d 1242, 1256 (10th Cir. 2015) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)). A party seeking preliminary injunctive relief must satisfy four factors: a likelihood of success on the merits; a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in the movant's favor; and that the injunction is in the public interest. *Id.* at 1257. It is the movant's burden to establish each of these factors. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188-89 (10th Cir. 2003) (citation omitted).

---

[2] Plaintiff has not yet submitted a reply, but the court may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR 7.1(d).

4

The primary goal of a preliminary injunction is to preserve the pre-trial status quo. "Status quo" is defined to be the last uncontested status between the parties that preceded the controversy until the outcome of the final hearing. *See Schrier v. University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005). Therefore, courts view the following types of injunctions with caution: (1) preliminary injunctions that alter the status quo; (2) preliminary injunctions that require the nonmoving party to take affirmative action ("mandatory preliminary injunctions"); and (3) preliminary injunctions that give the movant all the relief it would be entitled to if it prevailed in a full trial. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *affirmed,* 546 U.S. 418 (2006)). Movants who seek a disfavored injunction must demonstrate a *substantial* likelihood of success on the merits, as well as a heightened showing of the other three elements. *Id.* (citing *O Centro*, 389 F.3d at 980). *See also Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (the movant must show that the factors "weigh heavily and compellingly" in his or her favor). The court may grant a disfavored injunction only if the moving party demonstrates that the "exigencies of the case require extraordinary interim relief," and satisfies the heightened burden. *RoDa Drilling*, 552 F.3d at 1209 (citing *O Centro*, 389 F.3d at 978). "The determination of whether an injunction is mandatory as opposed to prohibitory can be vexing," but the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that a mandatory injunction affirmatively requires the non-moving party to act in a particular way. *Schrier*, 427 F.3d at 1261. Whether to issue a preliminary injunction lies in the sound discretion of the trial court. *See id.* at 1208 (citations omitted).

Mr. Brown is appearing *pro se*, and thus the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, the court's "role is not to act as [*pro se* litigant's] advocate," *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). *Accord Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008). To prevail, Mr. Brown must satisfy the same procedural and substantive requirements as a represented party. *Murray v. City of Tahlequah, Okla.* 312 F.3d 1196, 1199 n.2 (10th Cir. 2008) (observing that a party's pro se status does not relieve him of the obligation to comply with procedural rules) (citation omitted); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Mr. Brown asserts that his failure to attend the August 3 Status Conference was the result of the actions of C.O. Montenez, who told Plaintiff that "since they had not received notification from the court that day, the hearing would not be held," and who "adamantly refused to allow plaintiff to attend the hearing." [#64]. Plaintiff further states that CCCF "was on lock-down status beginning July 31, 2017 until August 5, 2017," but that during the week of August 3, "other offenders were allowed to attend their legal meetings/hearings." [*Id.* at 2]. Plaintiff contends he was injured as follows:

> he had no say in regards to what took place at the hearing, and [is] now required to show cause for the acts attributed to those in authority within the facility [and] [i]f the facility continues to deny the plaintiff access to the courts, this could result in the dismissal of his case entirely [which] would constitute irreparable harm.

[*Id.*] Plaintiff alleges there "exists a pattern or abuse by those in authority within the facility, who purposely discard grievances filed by the inmates, who purposely open, withhold, or destroy

6

legal mail, and who do not allow inmates the opportunity to attend their meetings." [*Id.*] In sum, Plaintiff asks the court to "prevent[] those in authority within Crowley County Correctional Facility from interfering with his constitutional right to access the courts." [*Id.*] In the Supplement to the Motion for TRO, Plaintiff attaches a CDOC Administrative Regulation 750-03, which authorizes litigation coordinators, not case managers, to coordinate inmates' court proceedings. [#67-2]. In Response, Defendants argue that Plaintiff has not met the requirements for issuing a temporary restraining order, and focus exclusively on their contention that Plaintiff has not shown he will suffer irreparable harm absent such an order. [#74].[3]

As an initial matter, this court briefly addresses whether there is an adequate basis to grant the relief Plaintiff seeks in the Motion for TRO, when it is not of the character of relief to which he would be entitled if he ultimately prevailed on his claims of discrimination and retaliation. *Compare* [#64] *with* [#52 at 7]. *See Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. June 17, 2009) ("A preliminary injunction is ... appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489–90 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' harm was "insufficiently related to the complaint and does not deserve the benefits of protective measures that a preliminary injunction affords"). However, the Tenth Circuit has long recognized that the purpose of preliminary injunctive relief is to preserve the status quo pending the litigation on the merits. *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1186 (10th Cir. 1975). And our sister

---

[3] This court acknowledges it addresses multiple deficiencies with the Motion for TRO that Defendants do not raise in their Response. This court feels compelled to do so, given that Plaintiff carries the burden to demonstrate entitlement to the extraordinary relief he requests, and so as to render a ruling sufficiently thorough to instruct Plaintiff on the legal requirements that bind him and guide the court, should he move for injunctive relief in the future.

7

courts have interpreted that to allow a plaintiff to seek preliminary injunctive relief when the relief, though dissimilar to the ultimate relief sought by the claims of the action, is intended to safeguard the court's ability to properly adjudicate the dispute before it. *See, e.g.*, *Longstreth v. Tucker*, No. Civ. 05-221-C, 2008 WL 2037275 (W.D. Okla. 2008). Accordingly, this court proceeds in considering whether Mr. Brown can prevail on his Motion for TRO, because the Motion seeks relief that arguably affects his ability to pursue the claims reflected in his Third Amended Complaint.

Mr. Brown seeks an order from this court to affirmatively require certain prison officials to take undefined action "to prevent[] those in authority within Crowley County Correctional Facility from interfering with his constitutional right to access the courts." A prisoner's right to access the courts is protected by the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To state a cognizable violation of this right, Plaintiff must aver sufficient facts to demonstrate an actual injury that hindered his efforts to pursue a legal claim. *See, e.g., Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). The injury requirement is satisfied if Plaintiff is precluded from a "reasonably adequate opportunity to file nonfrivolous legal claims challenging [ ] convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 354-56 (1996). Because Plaintiff seeks a disfavored mandatory preliminary injunction, his request is subject to a heightened burden. He must demonstrate a substantial likelihood of success on his claims, as well as show that considerations involving the other three factors weigh compellingly in his favor. *RoDa Drilling Co.*, 552 F.3d at 1208.

Weighing all the appropriate factors, this court finds that Plaintiff is not entitled to an injunction at this time for several reasons. First, Mr. Brown has failed to establish that there is a

substantial likelihood that he is going to prevail on the merits of any of his claims asserted in the Third Amended Complaint, or on a claim for violation of his First Amendment right to access the courts. The Motion for TRO fails to address the likelihood of success on any of these issues. Nor does he address the factors relevant to the analysis as to whether a temporary injunction is appropriate, i.e., the balance of equities and public interest. Rather, Plaintiff argues he will suffer irreparable harm on the basis that CCCF officers have denied, or will deny, him access to the courts.

"Irreparable harm" means that "the injury "must be both certain and great"; it must not be "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1250 (10th Cir. 2001). Indeed, "irreparable harm is often suffered when the injury can [not] be adequately atoned for in money, or when the district court cannot remedy [the injury] following a final determination on the merits." *Id.* (internal quotation marks and citation omitted) (alterations in original). *See McClendon v. City of Albuquerque*, 272 F. Supp. 2d 1250, 1259 (D.N.M. 2003) ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.") (quoting *Kikumura v. Hurley,* 242 F.3d 950, 963 (10th Cir. 2001)). Plaintiff's bald allegation that he will be deprived of access to the courts in the future due to a single alleged instance is speculative at best.

Indeed, the record before the court suggests that, despite being prevented from attending the August 4 Status Conference, Mr. Brown's access to court in this action has not been significantly limited. The case continues to progress, and, since the August 4 Status Conference, Mr. Brown has filed numerous notices and motions which the court has received and, in many instances, on which it has ruled. In addition, the Parties are in the process of briefing Plaintiff's

Motion for Partial Summary Judgment, which is before the undersigned Magistrate Judge for recommendation. Furthermore, Plaintiff received notice of the new pre-trial deadlines, set at the August 4 Status Conference, including the new Final Pretrial Conference date, and has used the extensions of time to raise issues related to Defendants' discovery responses. To be sure, the court is not condoning or in any way sanctioning the alleged conduct described by Plaintiff in the Motion for TRO. However, the court has not penalized Plaintiff for his absence and he has not yet failed to attend (and his case manager or litigation coordinator has not yet failed to facilitate his attendance at) the Final Pretrial Conference, which is now set for December 12, 2017.

In addition, the relief Plaintiff requests is simply too broad. In relevant part, 18 U.S.C. § 3626(a)(2) requires that, "[i]n any civil action with respect to prison conditions," any "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* Plaintiff's request that the court "prevent[] those in authority within Crowley County Correctional Facility from interfering with his constitutional right to access the courts," is not tailored to address the specific injury alleged, i.e., his case manager intentionally failed to facilitate a call to the court despite knowing that a court appearance was scheduled. Additionally, the court issued a Minute Order on August 15, 2017, directing "Plaintiff's case manager, or any other appropriate staff member, [to] facilitate Plaintiff's participation in a court proceeding as directed by the court as this court does not facilitate calls between parties for the purpose of court proceedings." [#62].

Finally, it is not clear that the court has the authority to enjoin C.O. Montenez or other CCCF officials with respect to this lawsuit. Plaintiff names CDOC as a Defendant, but states in

10

the Motion for TRO that "abuse…seems to be a pattern throughout many other facilities operated by Corecivic Inc. (formerly Correctional Corporations of America)," suggesting that CCCF is operated by Corecivic Inc., rather than CDOC. [#64 at 2]. "Every order granting an injunction...binds only...the parties...." Fed. R. Civ. P. 65(d). And Plaintiff does not assert the allegations necessary for the court to entertain its limited authority to enjoin nonparties. *Cf. ClearOne Communications, Inc. v. Bowers*, 651 F.3d 1200, 1215-16 (10th Cir. 2011) (holding that "a district court may properly exercise personal jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order.").

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that the Motion for TRO [#64] be **DENIED**.[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's

Dated: September 14, 2017			BY THE COURT:

						s/Nina Y. Wang
						Nina Y. Wang
						United States Magistrate Judge

---

ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).